Jeffrey S. Gerardo #146508
Steven M. Dailey #163857
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone:   (949) 417-0999
Facsimile:   (949) 417-5394
Email:       jeffrey.gerardo@kutakrock.com
Email:       steven.dailey@kutakrock.com

Attorneys for Defendants,
US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR SG MORTGAGE
SECURITIES ASSET BACKED
CERTIFICATES, SERIES 2006-FRE2
and WELLS FARGO BANK, N.A.
SUCCESSOR BY MERGER TO WELLS
FARGO HOME MORTGAGE, INC.
DBA AMERICA'S SERVICING
COMPANY [erroneously named as
"Wells Fargo Home Mortgage d/b/a/
America's Servicing Company is a
division of Wells Fargo Bank, N.A."]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Parisi,<br><br>               Plaintiff,<br><br>     v.<br><br>US Bank National Association, as Trustee for SG Mortgage Securities Asset Backed Certificates, Series, 2006-FRE2; Fremont Investment & Loan; Cal-Western Reconveyance Corporation; Wells Fargo Home Mortgage d/b/a/ America's Servicing Company is a division of Wells Fargo Bank, N.A.; and Does 1-50, inclusive,<br><br>               Defendants. | Case No.  SACV13-00833 JVS (SSx)<br><br>Assigned to:  Hon. James V. Selna<br>Courtroom:   10C<br><br>Assigned Discovery:<br>Magistrate Judge Suzanne H. Segal<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed concurrently with:<br><br>1. Motion to Strike<br>2. Request for Judicial Notice<br><br>Date:   July 22, 2013<br>Time:   1:30 p.m.<br>Dept:   C18<br><br>Complaint Filed:  January 15, 2013<br>Trial Date:  None set |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on July 22, 2013, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 10D of the above-entitled court located at 411 W. Fourth Street, #1053, Santa Ana, California, Defendants US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2 and WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. DBA AMERICA'S SERVICING COMPANY [*collectively* "Lender Defendants"] will and hereby do move this Court to dismiss the First Amended Complaint against Lender Defendants in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire First Amended Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against Lender Defendants.  Specifically:

1.     Lender Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff cannot allege tender of the amounts due under the note and trust deed.

2.     Lender Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's allegations fail under *Twombly* and Plaintiff fails to identify wrongdoing by Lender Defendants.

3.     Lender Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff's claims regarding the alleged securitization of the loan fail to state any valid causes of action.

4.     Lender Defendants move to dismiss Plaintiff's First Amended Complaint, and each claim contained therein, on the basis that Plaintiff expressly

1    agreed that the loan could be sold without notice or his consent.

2        5.    Lender Defendants move to dismiss the First Cause of Action of the

3    First Amended Complaint, styled "Violation of Civil Code § 2923.5," on the basis

4    that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff

5    fails to allege a violation of section 2923.5 with particularity, B) the ruling on

6    preliminary injunction in *Parisi I* does not constitute *res judicata* as to this claim

7    and C) Plaintiff has received the maximum remedy available under section 2923.5.

8        6.    Lender Defendants move to dismiss the Second Cause of Action of the

9    First Amended Complaint, styled "Violation of the Foreclosure Reduction Act," on

10   the basis that Plaintiff fails to state facts constituting a cause of action because A)

11   the HBOR is not retroactive, B) Plaintiff fails to allege a violation of the HBOR

12   with particularity, C) Plaintiff has not alleged substantial prejudice due to any

13   alleged defect and D) the only remedy available to Plaintiff under the HBOR is an

14   injunction..

15       7.    Lender Defendants move to dismiss the Third Cause of Action of the

16   First Amended Complaint, styled "Unfair Business Practices," on the basis that

17   Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to

18   allege an unfair business practice by Lender Defendants, B) Plaintiff fails to allege

19   any actual injury, C) Plaintiff fails to plead any valid underlying claim, D)

20   Plaintiff's allegation regarding the Notice of Default and an alleged yield spread

21   premium must fail and E) Plaintiff's claims regarding MERS's authority fail.

22       8.    Lender Defendants move to dismiss the Fourth Cause of Action of the

23   First Amended Complaint, styled "Unfair Business Practices," on the basis that

24   Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to

25   allege an unfair business practice by Lender Defendants, B) Plaintiff fails to allege

26   any actual injury, C) Plaintiff fails to plead any valid underlying claim, D)

27   Plaintiff's allegation regarding the Notice of Default and an alleged yield spread

28   premium must fail and E) Plaintiff's claims regarding MERS's authority fail.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MOTION TO DISMISS FIRST AMENDED COMPLAINT

9.      Lender Defendants move to dismiss the Fifth Cause of Action of the First Amended Complaint, styled "Unfair Business Practices," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege an unfair business practice by Lender Defendants, B) Plaintiff fails to allege any actual injury, C) Plaintiff fails to plead any valid underlying claim, D) Plaintiff's allegation regarding the Notice of Default and an alleged yield spread premium must fail and E) Plaintiff's claims regarding MERS's authority fail.

10.      Lender Defendants move to dismiss the Sixth Cause of Action of the First Amended Complaint, styled "Unfair Business Practices," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege an unfair business practice by Lender Defendants, B) Plaintiff fails to allege any actual injury, C) Plaintiff fails to plead any valid underlying claim, D) Plaintiff's allegation regarding the Notice of Default and an alleged yield spread premium must fail and E) Plaintiff's claims regarding MERS's authority fail.

11.      Lender Defendants move to dismiss the Seventh Cause of Action of the First Amended Complaint, styled "Unfair Business Practices," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege an unfair business practice by Lender Defendants, B) Plaintiff fails to allege any actual injury, C) Plaintiff fails to plead any valid underlying claim, D) Plaintiff's allegation regarding the Notice of Default and an alleged yield spread premium must fail and E) Plaintiff's claims regarding MERS's authority fail.

12.      Lender Defendants move to dismiss the Eighth Cause of Action of the First Amended Complaint, styled "Breach of the Implied Covenant of Good Faith and Fair Dealing," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege a purportedly violated covenant, B) Plaintiff fails to allege any breach by Lender Defendants with certainty, C) Plaintiff cannot allege performance of all conditions of the agreement and D) the covenant cannot be breached by acts expressly permitted within the note or Deed of Trust.

13.     Lender Defendants move to dismiss the Ninth Cause of Action of the First Amended Complaint, styled "Trespass to Chattels," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege interference with Plaintiff's possession of personal property and B) real property is not a proper subject of a conversion claim.

14.     Lender Defendants move to dismiss the Tenth Cause of Action of the First Amended Complaint, styled "Conversion," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff fails to allege interference with Plaintiff's possession of personal property and B) real property is not a proper subject of a conversion claim.

15.     Lender Defendants move to dismiss the Eleventh Cause of Action of the First Amended Complaint, styled "Fraud-Concealment," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff does not specifically allege a misrepresentation by Lender Defendants, B) Plaintiff fails to allege specific facts indicating knowledge of falsity, C) Plaintiff cannot allege specific facts indicating reliance, D) Plaintiff fails to plead any resulting injury, and E) Plaintiffs cannot assert a claim for concealment.

16.     Lender Defendants move to dismiss the Twelfth Cause of Action of the First Amended Complaint, styled "Fraud-Concealment," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiff does not specifically allege a misrepresentation by Lender Defendants, B) Plaintiff fails to allege specific facts indicating knowledge of falsity, C) Plaintiff cannot allege specific facts indicating reliance, D) Plaintiff fails to plead any resulting injury, and E) Plaintiffs cannot assert a claim for concealment.

17.     Lender Defendants move to dismiss the Thirteenth Cause of Action of the First Amended Complaint, styled "Violation of 15 U.S.C. § 1641(g)," on the basis that Plaintiff fails to state facts constituting a cause of action because A) this claim is time barred, B) Plaintiff fails to allege actual damage, and C) section

1641(g) applies only to creditors and Plaintiff's allegations preclude liability.

18.     Lender Defendants move to dismiss the Fourteenth Cause of Action of the First Amended Complaint, styled "Money Had and Received," on the basis that Plaintiff fails to state facts constituting a cause of action because A) Plaintiffs fail to identify any "certain sum" in their Complaint, and B) Plaintiffs' cause of action fails with the other claims.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which was attempted by leaving a voice mail message for Plaintiff's counsel on May 31, 2013.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated:  June 6, 2013                    KUTAK ROCK LLP


                                        By: /s/Steven M. Dailey
                                        Jeffrey S. Gerardo
                                        Steven M. Dailey
                                        Attorneys for Defendants,
                                        US BANK NATIONAL
                                        ASSOCIATION, AS TRUSTEE
                                        FOR SG MORTGAGE
                                        SECURITIES ASSET BACKED
                                        CERTIFICATES, SERIES 2006-
                                        FRE2 and WELLS FARGO BANK,
                                        N.A. SUCCESSOR BY MERGER
                                        TO WELLS FARGO HOME
                                        MORTGAGE, INC. DBA
                                        AMERICA'S SERVICING
                                        COMPANY

# TABLE OF CONTENTS

Page

1.   INTRODUCTION/STATEMENT OF FACTS .................................................. 1
   A.   Factual Background ............................................................................. 1
   B.   Parisi v. US Bank National Association et al., Case No. 30-2009 00325079, Superior Court for the County of Orange .......................... 2
   C.   Summary of Argument ........................................................................ 2
2.   THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................. 3
3.   PLAINTIFF'S FAC MUST FAIL AS PLAINTIFF CANNOT ALLEGE TENDER OF THE AMOUNTS DUE UNDER THE NOTE AND TRUST DEED ........................................................................ 4
4.   PLAINTIFF'S ALLEGATIONS FAIL UNDER TWOMBLY AND PLAINTIFF FAILS TO IDENTIFY ANY WRONGDOING BY LENDER DEFENDANTS ...................................................................... 5
5.   PLAINTIFF'S CLAIMS REGARDING THE ALLEGED SECURITIZATION OF THE LOAN FAIL TO STATE ANY VALID CAUSE OF ACTION .......................................................................... 6
   A.   Securitization Does Not Alter Plaintiff's Obligations Under the Loan ...................................................................................................... 6
   B.   Plaintiff Cannot Claim Any Ownership Interest in the Results of the Alleged Securitization or Any Assets Created Thereby ................. 7
6.   PLAINTIFF EXPRESSLY AGREED THAT THE LOAN COULD BE SOLD WITHOUT NOTICE OR CONSENT ............................................ 8
7.   PLAINTIFF'S FIRST CAUSE OF ACTION FOR "VIOLATION OF CIVIL CODE § 2923.5" MUST FAIL .................................................. 8
   A.   Plaintiff Fails to Allege a Violation of Section 2923.5 with Particularity ....................................................................................... 8
   B.   The Ruling on Preliminary Injunction in Parisi I Does Not Constitute Res Judicata As to this Claim ............................................. 9
   C.   Plaintiff Has Received the Maximum Remedy Available under Section 2923.5 .................................................................................. 10
8.   PLAINTIFF'S SECOND CAUSE OF ACTION FOR "VIOLATION OF THE FORECLOSURE REDUCTION ACT" MUST FAIL ................. 10
   A.   The HBOR is Not Retroactive .......................................................... 10
   B.   Plaintiff Fails to Allege a Violation of the HBOR with Particularity ..................................................................................... 11
   C.   Plaintiff Has Not Alleged Substantial Prejudice Due to any Alleged Defect. ................................................................................ 11
   D.   The Only Remedy Available to Plaintiff Under the HBOR is an Injunction ......................................................................................... 12

9.   PLAINTIFF'S THIRD, FOURTH FIFTH, SIXTH AND SEVENTH
     CAUSES OF ACTION FOR "UNFAIR BUSINESS PRACTICES"
     MUST FAIL ........................................................................................ 12

     A.   Plaintiff Fails to Allege an Unfair Business Practice by Lender
          Defendants.................................................................................. 12

     B.   Plaintiff Fails to Allege Any Actual Injury ....................................... 13

     C.   Plaintiff Fails to Plead Any Valid Underlying Claim........................... 13

     D.   Plaintiff's Allegation Regarding the Notice of Default and an
          Alleged Yield Spread Premium Must Fail......................................... 13

     E.   Plaintiff's Claims Regarding MERS's Authority Fail......................... 14

10.  PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "BREACH OF
     THE COVENANT OF GOOD FAITH AND FAIR DEALING"
     MUST FAIL ........................................................................................ 15

     A.   Plaintiff Fails to Allege a Purportedly Violated Covenant................. 16

     B.   Plaintiff Fails to Allege Any Breach by Lender Defendants with
          Certainty.................................................................................... 16

     C.   Plaintiff Cannot Allege Performance of All Conditions of the
          Agreement.................................................................................. 16

     D.   The Covenant Cannot Be Breached By Acts Expressly
          Permitted Within the Note or Deed of Trust.................................... 16

11.  PLAINTIFF'S NINTH CAUSE OF ACTION FOR "TRESPASS TO
     CHATTELS" AND TENTH CAUSE OF ACTION FOR
     "CONVERSION" MUST FAIL................................................................ 17

     A.   Plaintiff Fails to Allege Interference with Plaintiff's Possession
          of Personal Property..................................................................... 17

     B.   Real Property is Not a Proper Subject of a Conversion Claim........... 18

12.  PLAINTIFF'S ELEVENTH AND TWELFTH CAUSES OF ACTION
     FOR "FRAUD" MUST FAIL .................................................................. 18

     A.   Plaintiff Does Not Specifically Allege a Misrepresentation by
          Lender Defendants....................................................................... 18

     B.   Plaintiff Fails to Allege Specific Facts Indicating Knowledge of
          Falsity........................................................................................ 19

     C.   Plaintiff Cannot Allege Specific Facts Indicating Reliance ............... 19

     D.   Plaintiff Fails to Plead any Resulting Injury..................................... 19

     E.   Plaintiffs Cannot Assert a Claim for Concealment............................ 19

13.  PLAINTIFF'S THIRTEENTH CAUSE OF ACTION FOR
     "VIOLATION OF 15 U.S.C. § 1641(G)" MUST FAIL................................ 20

     A.   This Claim is Time Barred............................................................. 20

     B.   Plaintiff Fails to Allege Actual Damage........................................... 20

C.       Section 1641(g) Applies Only to "Creditors"....................................20

14.   PLAINTIFF'S FOURTEENTH CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" MUST FAIL ........................................................21

A. Plaintiffs Fail to Identify Any "Certain Sum" in their Complaint. ...........21

B. Plaintiffs' Cause of Action for Common Counts Fails with the Other Claims. ...........................................................................................................21

15.   CONCLUSION ...........................................................................................22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

*FEDERAL CASES*

*Ballistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ................................................................. 3

*Beall v. Quality Loan Service Corp.,*
2011 WL 1044148  (S.D. Cal. March 11, 2011) ................................. 20

*Beliveau v. Caras,*
873 F. Supp. 1393 (C.D. Cal. 1995) ..................................................... 3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ......................................................................... 3, 5

*Birkland v. Silver State Financial Services, Inc.,*
2010 WL 3419372  (D. Nev. 2010) ...................................................... 7

*Bjustrom v. Trust One Mortgage Corp.,*
322 F.3d 1201 (9th Cir. 2003) ............................................................ 14

*Byrd v. Guild Mortg. Co.,*
2011 WL 6736049 (S.D. Cal. Dec. 20, 2011) .................................... 20

*Chan Tang v. Bank of America, N.A.,*
2012 WL 960373  (C.D. Cal. 2012) .................................................... 18

*Frazier v. Aegis Wholesale Corp.,*
2011 WL 6303391  (N.D. Cal. 2011) .................................................... 7

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
652 F.Supp.2d 1039 (N.D. Cal. 2009) .................................................. 6

*Jones v. Countrywide Homeloan,*
2011 WL 2462845 (E.D. Cal. 2011) ..................................................... 6

*Karimi v. GMAC Mortg.,*
2011 WL 5914006  (N.D. Cal. 2011) .................................................... 6

*King v. California,*
784 F.2d 910 (9th Cir. 1986) .............................................................. 20

*Labra v. Cal-Western Reconveyance,*
2010 WL 889537 (N.D. Cal. March 11, 2010) ..................................... 4

*Marty v. Wells Fargo Bank,*
2011 WL 1103405  (E.D. Cal. 2011) .................................................... 7

*McGough v. Wells Fargo Bank, N.A.,*
2012 WL 5199411 fn. 4 (N.D. Cal. October 22, 2012) ...................... 10

*Nool v. Homeq Servicing,*
2009 WL 2905745 (E.D. Cal. 2009) ................................................... 13

*Perlas v. Mortgage Electronic Registration Systems,*
(MERS) (N.D. Cal. 2010) 2010 WL 3079262 ................................... 15

*Perlas v. Mortgage Electronic Registration Systems,*
(MERS), 2010 WL 3079262 (N.D. Cal. 2010) ................................... 15

*Rivera v. Aurora Loan Services LLC,*
2010 WL 1709376 (S.D. Cal. April 26, 2010) ................................... 19

*Salmo v. PHH Mortg. Corp.*,
  2011 WL 2682151 (C.D. Cal. July 11, 2011) ...................................................... 21

*Sanchez v. American Brokers Conduit*,
  2011 WL 164634  (C.D. Cal. 2011) ............................................................... 7

*Sepehry-Fard v. Aurora Bank FSB*,
  2013 WL 597788  (N.D. Cal. 2013) ............................................................. 7

*Shapiro v. Bank of America, N.A.*,
  2012 WL 670960  (E.D. Cal. 2012) .............................................................. 19

*Tasaranta v. Homecomings Financial*,
  2009 WL 3088335 (S.D.Cal. September 21, 2009) ................................... 13

*Thepvongsgsa v. Regional Trustee Services Corp.*,
  2011 WL 307364  (W.D. Wash Jan. 26, 2011) ............................................ 20

*Wilson v. Wells Fargo Bank*,
  2011 WL 3443635 (E.D. Cal. Nov. 17, 2011) ......................................... 21

### STATE CASES

*Abdallah v. United Sav. Bank,*,
  43 Cal.App.4th 1001 (1996) ..................................................................... 4

*Anderson v. Heart Federal Savings and Loan Assn.*,
  208 Cal.App.3d 202 (1989) ...................................................................... 5

*Arnold Mgmt. Corp. v. Eischen*,
  158 Cal.App.3d 575 (1985) ...................................................................... 4

*Berryman v. Merit Property Mgt*,
  152 Cal.App.4th 1544 (2007) .............................................................. 21, 22

*Birkhofer v. Krumm*,
  27 Cal.App.2d 513 (1938) ...................................................................... 14

*Brotemarkle v. Snyder*,
  99 Cal.App.2d 388 (1950) ........................................................................ 5

*Butler v. Stratton*,
  95 Cal.App.2d 23 (1949) .......................................................................... 8

*Byars v. SCME Mortg. Bankers, Inc.*,
  109 Cal.App.4th 1134 (2003) ................................................................. 14

*Careau & Co. v. Security Pac Business Credit*,
  222 Cal.App.3d 1371 (1990) ................................................................. 16

*Debrunner v. Deutsche Bank Nat. Trust Co.*,
  204 Cal.App.4th 433 (2012) .................................................................. 15

*Farmers Ins. Ex. v. Zerin*,
  53 Cal.App.4th 445 (1997) ..................................................................... 21

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (Aug. 11, 2011) ................................................ 14, 15

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal.App.4th 1149 (2011) ................................................................. 15

*Haynes v. EMC Mortg. Corp.*,
  2012 WL 1194957  (Cal.1st.Dist. April 9, 2012) ................................... 15

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
    129 Cal.App.4th 1228 (2005) ............................................................... 9

*Igauye v. Howard*,
    114 Cal.App.2d 122 (1952) ............................................................... 17

*Intel Corp. v. Hamidi*,
    30 Cal.4th 1342 (2003) ..................................................................... 17

*Karlsen v. Gibralter Sav. & Loan Assn.*,
    15 Cal.App.3d 112 (1974) ................................................................... 4

*Khoury v. Maly's of California*,
    14 Cal.App.4th 612 (1993) ............................................................... 12

*Kim v. Sumitomo Bank*,
    17 Cal.App.4th 979 (1993) ............................................................... 19

*Mabry*,
    supra, 185 Cal.App.4th at 214, 231-232 .......................................... 10

*Madden v. Kaiser Foundation Hospitals*,
    17 Cal.3d 699 (1976) ......................................................................... 8

*McBride v. Boughton*,
    (2004) 123 Cal.App.4th 379 ............................................................. 22

*Melendrez v. D&I Investment, Inc.*,
    127 Cal.App.4th 1238 (2005) ........................................................... 12

*Munger v. Moore*,
    11 Cal.App.3d 1 (1970) ..................................................................... 18

*Myers v. Philip Morris Companies, Inc.*,
    28 Cal.4th 828 (2002) ....................................................................... 10

*Nathanson v. Murphy*,
    132 Cal.App.2d 363 (1955) ............................................................... 19

*National Union Fire Ins. Co. v. Stites Professional Law Corp.*,
    235 Cal.App.3d 1718 (1991) ............................................................... 9

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ............................................................... 4

*Orloff v. Metropolitan Trust Co.*,
    17 Cal.2d 484 (1941) ....................................................................... 21

*Perdue v. Crocker National Bank*,
    38 Cal.3d 913 (1985) ............................................................... 5, 9, 11

*Perlas v. GMAC Mortgage, LLC*,
    187 Cal.App.4th 429 (August 11, 2010) ....................................... 8, 20

*Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz*,
    57 Cal.App.3d 104 (1976) ................................................................. 18

*Roddenberry v. Roddenberry*,
    (1996) 44 Cal.App.4th 634 ............................................................... 19

*Staples v. Arthur Murray*,
    253 Cal.App.2d 507 (1967) ............................................................... 16

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- iii -

*Third Story Music, Inc. v. Waits*,
   41 Cal.App.4th 798 (1995).................................................................17

*Whitman v. Transtate Title Co.*,
   165 Cal.App.3d 312 (1985)................................................................4

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal.App.3d 1324 (1986)............................................................19

*Wise v. Southern Pacific Co.*,
   223 Cal.App.2d 50 (1963)................................................................16

### FEDERAL STATUTES

15 U.S.C. § 1602(f)..............................................................................21

15 U.S.C. § 1640(a)(1).........................................................................20

15 U.S.C. § 1640(e).............................................................................20

15 U.S.C. § 1641..................................................................................21

15 U.S.C. § 1641(g)........................................................................5, 6, 20

15 U.S.C. § 1641(g)(1)....................................................................5, 6, 20

### STATE STATUTES

Bus. & Prof. Code § 17200.............................................................12, 13

Bus. & Prof. Code § 17204......................................................................13

Civ. Code § 3.........................................................................................10

Civ. Code § 1190....................................................................................5

Civ. Code § 1573...................................................................................19

Civ. Code § 2923.5......................................................................3, 6, 8, 9, 10

Civ. Code § 2923.6.................................................................................10

Civ. Code § 2923.11........................................................................10, 11

Civ. Code § 2923.55.............................................................................10

Civ. Code § 2924.10.............................................................................11

Civ. Code § 2924.12.............................................................................11

Civ. Code § 2924.12(a).........................................................................12

Civ. Code § 2924.12(b).........................................................................12

Civ. Code § 2924.17.............................................................................11

Civ. Code § 2924.18.............................................................................11

Evid. Code § 1451..................................................................................5

### FEDERAL RULES

Federal Rules of Civil Procedure, Rule 12(b)........................................3

Federal Rules of Civil Procedure, Rule 12(b)(6)........................2, 1, 3, 5

### FEDERAL REGULATIONS

12 CFR 226.39(E)..................................................................................21

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendants US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2 and WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. DBA AMERICA'S SERVICING COMPANY [*collectively* "Lender Defendants"] submit the following in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6).

### 1.   INTRODUCTION/STATEMENT OF FACTS.

In his First Amended Complaint ["FAC"], Plaintiff JOSEPH PARISI ["Plaintiff"] challenges the securitization of his mortgage loan and also asserts various statutory violations.  Plaintiff's claims fail under Rule 12(b)(6), however, as against Lender Defendants.  Plaintiff's claims are based on theories that have been *repeatedly* rejected by California state and federal courts and allege violations of a subsequently enacted statute that does not apply retroactively in these circumstances.

### A.   Factual Background

Plaintiff alleges he is the owner of the real property located at 945 Katella Street, Laguna Beach, California ["the Property"].  [FAC, par. 14.]  Plaintiff states that he signed a loan application in order to purchase the Property.  [FAC, par. 15.]  Plaintiff states that on April 28, 2006, he executed a promissory note in the amount of $940,000 secured by a Deed of Trust.  [FAC, par. 16; Request for Judicial Notice, "RJN", Ex. "A".]  Plaintiff states that the originating lender was Fremont Investment & Loan ["FREMONT"].  [*Id.*]

Plaintiff states that on July 13, 2009, a Notice of Default was recorded against the Property.  [FAC, par. 45 and RJN, Ex. "B".]  The Notice of Default reflected that Plaintiff was in default in the amount of $26,937.16 as of July 13, 2009.  [RJN, Ex. "B".]  On October 16, 2009, an initial Notice of Trustee's Sale

was recorded against the Property. [RJN, Ex. "C".] Plaintiff states that a Substitution of Trustee was executed by MERS, as nominee for the beneficiary of the Deed of Trust. [FAC, pars. 46 and RJN, "D".] On October 19, 2009, an Assignment of Deed of Trust was recorded reflecting a transfer of the beneficial interest in the Deed of Trust from MERS, as nominee for FREMONT to US BANK. [RJN, Ex. "E".] On November 29, 2012, a second Notice of Trustee's Sale was recorded reflecting a sale date of December 19, 2012. [RJN, Ex. "F".] Pursuant to the March 25, 2013 Order of this Court after stipulation between the parties, no sale of the Property shall take place prior to July 15, 2013. [RJN, Ex. "G".]

**B.** ***Parisi v. US Bank National Association et al.*, Case No. 30-2009 00325079, Superior Court for the County of Orange**

On June 9, 2011, Plaintiff filed his initial action, *Parisi v. US Bank National Association et al.*, Case No. 30-2009 00325079, in the California Superior Court for the County of Orange ["*Parisi I*"]. On December 18, 2009, the court in *Parisi I* issued an Order granting Plaintiff's Order to Show Cause regarding Preliminary Injunction, preventing the trustee's sale of the Property and imposing a $10,000 bond. [Order re OSC, RJN, Ex. "H".] After a First Amended Complaint was filed in *Parisi I*, a Demurrer on behalf of Lender Defendants was sustained with leave to amend, and Plaintiff was informed that no further leave to amend would be provided. [Notice of Ruling in Parisi I, RJN, Ex. "I".] After filing a Second Amended Complaint, but prior to the Court's ruling on Lender Defendants' Demurrer to that Second Amended Complaint, on July 5, 2011, Plaintiff dismissed *Parisi I* without prejudice. [Conformed Dismissal, RJN, Ex. "J".]

**C.    Summary of Argument**

Plaintiff's First Amended Complaint fails as against Lender Defendants for multiple reasons. First, in order to challenge the pending trustee's sale, Plaintiff must allege full tender of all amounts due under the loan. Second, Plaintiff's claim regarding securitization fails. Securitization does not alter any of the rights or

obligations of a borrower under a Deed of Trust and Plaintiff cannot identify any injury he suffered as a result of the alleged securitization of the loan or any interest he has in the proceeds.  Third, Plaintiff was placed on notice in the Deed of Trust that the loan might be sold or transferred.  Fourth, Plaintiff's claim under section 2923.5 is not properly pled and no *res judicata* is available from *Parisi I*.  Fifth, Plaintiff's claims under the HBOR fail as the HBOR was not in effect at the time that the relevant documents were recorded in this instance and Plaintiff has not pled any claim with particularity.   Sixth, Plaintiff fails to allege any fraud or representations made to him regarding securitization upon which he detrimentally relied or was injured.   Finally, Plaintiff's causes of action are all individually deficient as discussed further below.  Accordingly, Lender Defendants respectfully request that the within Motion to Dismiss be sustained without leave to amend.

## 2. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .
>
> (6)  failure to state a claim upon which relief can be granted,. . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  [*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).] Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy.  [*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).]  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  [*Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).]

**3.** **PLAINTIFF'S FAC MUST FAIL AS PLAINTIFF CANNOT ALLEGE TENDER OF THE AMOUNTS DUE UNDER THE NOTE AND TRUST DEED.**

As a condition precedent to any action challenging a foreclosure, a plaintiff must pay or offer to pay the secured debt and ***before an action is commenced or in the complaint.*** [*Whitman v. Transtate Title Co.*, 165 Cal.App.3d 312, 322-323 (1985).] Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action. [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).] "The rules which govern tenders ***are strict and are strictly applied***, and where the rules are prescribed by statute or rules of court, the tender must be in such a form as to comply therewith…***it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect.***" [*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 438-440 (2003) (emphasis added).] The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit. [*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996) (affirming sustaining of demurrer without leave to amend.)] "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage." [*Arnold Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1985).] The tender requirement applies to any claim "implicitly integrated" with the foreclosure process. [*Id.* at 579.] Contrary to Plaintiff's attempts to avoid the issue in the First Amended Complaint, tender is required, even where a plaintiff allege no power of sale was presents. [*See Labra v. Cal-Western Reconveyance*, 2010 WL 889537, at *9 (N.D. Cal. March 11, 2010).] No authority indicates a generic challenge based on securitization is sufficient to avoid the tender requirement.

Plaintiff does not allege tender of the amounts due under the Note and Deed of Trust. [FAC, *passim.*] The Notice of Default reflects that Plaintiff was in

default in the amount of $26,937.16 as of July 13, 2009.   [RJN, Ex. "B".] Plaintiff's failure to tender is a complete bar to Plaintiff's First Amended Complaint, and any cause of action contained therein.

**4.      PLAINTIFF'S ALLEGATIONS FAIL UNDER *TWOMBLY* AND PLAINTIFF FAILS TO IDENTIFY ANY WRONGDOING BY LENDER DEFENDANTS.**

A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).]  To base an action on violation of statute, the relevant terms of the statute must be alleged. [*Brown v. Southern Calif. Edison Co.,* 12 Cal.App.102, 104 (1932); *Brotemarkle v. Snyder,* 99 Cal.App.2d 388, 390 (1950).]   A party claiming that conduct violated statutes must allege with "reasonable particularity" the facts supporting the statutory elements of the violations. [*Perdue v. Crocker National Bank,* 38 Cal.3d 913, 929 (1985).]   A person challenging a nonjudicial foreclosure "has the burden of pleading and proof at trial of improper procedure and consequent prejudice."  [Anderson v. Heart Federal Savings and Loan Assn., 208 Cal.App.3d 202, 209 (1989).]   A notary's certificate of acknowledgment is prima facie evidence of the facts stated therein, including the genuineness of the signature and the signer's authority to act for the named entity.  [*See* Evid. Code § 1451; Civ. Code § 1190.]

Plaintiff's claims here fail under *Twombly*. Rule 12(b)(6) allows a party to move to dismiss a pleading where it does not state facts sufficient to constitute a cause of action.  No wrongdoing by Lender Defendants is pleaded.  Plaintiff's claims are based on a flawed theory of California nonjudicial foreclosure law and Plaintiff has not identified any defect in the securitization of the loan that would affect any party's right to initiate or conduct foreclosure.  Plaintiff likewise fails to identify any violation of California statute.  Plaintiff's claims under the newly enacted Homeowner's Bill of Rights fail as the only allegedly wrongful conduct took place before that statutory section became effective.  Plaintiff also cannot state

1   a claim under the prior version of Civil Code section 2923.5  as such a claim is not

2   properly pleaded and no *res judicata* is available from *Parisi I*.  Similarly, Plaintiff

3   fails to allege any fraud or representations made to him regarding securitization

4   upon which he detrimentally relied or was injured so as to state a plausible claim.

5   **5.   PLAINTIFF'S   CLAIMS   REGARDING   THE   ALLEGED
        SECURITIZATION OF THE LOAN FAIL TO STATE ANY VALID

6       CAUSE OF ACTION.**

7       Plaintiff asserts that his loan was securitized and that the securitization

8   "split" the note and Deed of Trust, that securitization will result in income for

9   Lender Defendants not provided for under the note and Deed of Trust and that

10  Lender Defendants improperly used Plaintiff's loan to accumulate other assets.

11  [*See, e.g.*, FAC, *passim*.]

12      **A.   Securitization Does Not Alter Plaintiff's Obligations Under the
             Loan.**

13      Plaintiff alleges that he was injured by virtue of the alleged securitization of

14  his loan.  No authority is available, however, to indicate that securitization alters the

15  legal relationship created by the note or Deed of Trust.   "[T]o the extent that

16  Plaintiff's wrongful foreclosure claim is premised on the alleged securitization of

17  the loan, courts have uniformly rejected the argument that securitization of a

18  mortgage loan provides the mortgagor with a cause of action."  [*Karimi v. GMAC

19  Mortg.*, 2011 WL 5914006 at *5 (N.D. Cal. 2011).]  The claim that "all defendants

20  lost their power of sale pursuant to the deed of trust when the original promissory

21  note was assigned to a trust pool" is "both unsupported and incorrect."  [*Hafiz v.

22  Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).]

23  As the court in *Jones v. Countrywide Homeloan*, 2011 WL 2462845, *5 (E.D. Cal.

24  2011) stated:

25      It does not follow that any of the other entitlements of the lender of the
        Deeds of Trust, including the power to declare default, are transferred or
26      lost because of the transfer or sale of the cash flow due from the
        mortgage.  Plaintiff cites no authority at all for the proposition that the
27      sale or transfer or alienation of the promissory note changes, modifies,
        or eliminates the power of the designated beneficiary, here the lender.
28      Given that the court can find no authority that supports Plaintiff's

implicit legal proposition and can see no good reason why the proffered legal proposition should be true, the court finds that the legal theory related to "securitization," to the extent it has been expressed at all, is completely without support.

[*See also Frazier v. Aegis Wholesale Corp.*, 2011 WL 6303391 at *4 (N.D. Cal. 2011) ("The fact that Plaintiffs' loan has been "securitized" has no effect on the ability of MERS to foreclose or transfer").]    As such, Plaintiffs' generic challenge based on securitization must fail.  Moreover, Plaintiff has not identified any authority to indicate that the securitization of the loan injured him in any way or caused him to lose any money or property.

> ## B. Plaintiff Cannot Claim Any Ownership Interest in the Results of the Alleged Securitization or Any Assets Created Thereby.

Throughout the First Amended Complaint, Plaintiff asserts that he has some interest in any "assets" that were created as a result of the securitization of his loan or by use of his loan application.  Plaintiff provides no authority for this assertion, however, and, as noted below, Plaintiff consented to the sale of his loan without prior notice of consent.  Courts have rejected borrower's attempts to claim some interest in the securitization or to claim that the securitization rendered the lien created by the Deed of Trust unenforceable.  [*See Sepehry-Fard v. Aurora Bank FSB*, 2013 WL 597788 at *4 (N.D. Cal. 2013).]  The court in *Marty v. Wells Fargo Bank*, 2011 WL 1103405 at *7 (E.D. Cal. 2011), in rejecting claims directly mirroring those alleged by Plaintiff here stated that, "[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is ***frivolous***, has no support in the law and should be dismissed with prejudice." [*See also Sanchez v. American Brokers Conduit*, 2011 WL 164634 at *3 (C.D. Cal. 2011) (rejecting RICO claim based on same allegations) (emphasis added); *Birkland v. Silver State Financial Services, Inc.*, 2010 WL 3419372 at *4 (D. Nev. 2010) (rejecting claims mirroring Plaintiff's).]  Finally, to the extent Plaintiff claims some ownership interest in his

loan application, a loan application is used by a lender for its own benefit in the underwriting process, not for the borrower's benefit.  [*Perlas v. GMAC Mortgage, LLC*, 187 Cal.App.4th 429, 435-436 (August 11, 2010).]  As such, Plaintiff's loan application was created for the lender's benefit, not his, and there is no basis for him to assert some continuing interest in it.

## 6.  PLAINTIFF EXPRESSLY AGREED THAT THE LOAN COULD BE SOLD WITHOUT NOTICE OR CONSENT.

Plaintiff variously objects that the loan was allegedly sold without his consent and that he did not receive any remuneration related to the sale.  The Deed of Trust clearly notes, however, that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  [RJN, Ex. "A", par. 20.]  Plaintiff does not identify any statute that precluded securitization of the loan, does not identify any contractual provision that entitled Plaintiff to any rights to future sale of the loan and expressly agreed when executing the Deed of Trust that it could be sold without notice or consent.  If a party signs a document it is presumed the person read the document and knew its contents.  [*Butler v. Stratton*, 95 Cal.App.2d 23, 28 (1949).]  A party who signs a document "cannot complain of unfamiliarity with the language of the instrument." [*Madden v. Kaiser Foundation Hospitals*, 17 Cal.3d 699, 710 (1976).]  Plaintiff cannot now object that the loan was sold or claim benefits to which he was not otherwise entitled.

## 7.  PLAINTIFF'S FIRST CAUSE OF ACTION FOR "VIOLATION OF CIVIL CODE § 2923.5" MUST FAIL.

Plaintiff asserts that the ruling on the motion for preliminary injunction in *Parisi I* constitutes "*res judicata*" as to Lender Defendants' violation of that section.  [FAC, par. 67.]

### A.   Plaintiff Fails to Allege a Violation of Section 2923.5 with Particularity.

Under California law, a party basing a cause of action on a claimed violation of statute must allege with "reasonable particularity" the facts supporting the

statutory elements of the violations.  [*Perdue v. Crocker National Bank*, 38 Cal.3d 913, 929 (1985).]  Here, Plaintiff does not discuss the statutory section allegedly violated, Civil Code section 2923.5, nor does Plaintiff allege any facts with respect to any contact made with him prior to the filing of the Notice of Default. Moreover, Plaintiff does not allege any facts indicating that Lender Defendants did not engage in the due diligence provided for in that section.  Given Plaintiff's failure to allege *any* facts regarding those factors relevant to Civil Code section 2923.5, Plaintiff clearly has not plead a violation of that section, let alone a violation with the required particularity.

**B.    The Ruling on Preliminary Injunction in *Parisi I* Does Not Constitute *Res Judicata* As to this Claim.**

Plaintiff does not allege any facts regarding the motion for preliminary injunction in *Parisi I*, nor does Plaintiff attach the filings relevant to that motion for a determination of the issues addressed therein.  Additionally, contrary to Plaintiff's assertion, a ruling on a motion for preliminary injunction is not preclusive.  The court in *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228 (2005) held that a ruling on a preliminary injunction is not preclusive as "[a] preliminary injunction is a *provisional* remedy, and the trial court 'possesses the inherent power to modify its preliminary injunction which is of a continuing or executory nature.'"  [*Huntingdon Life Sciences*, *supra*, 129 Cal.App.4th at 1248-1249.]  Similarly, under California law, res judicata does not apply to non-final judgments.  [*National Union Fire Ins. Co. v. Stites Professional Law Corp.*, 235 Cal.App.3d 1718, 1726 (1991).]  In this case, no final judgment has been issued with respect to the preliminary injunction in *Parisi I* and there is thus no basis to apply res judicata.  Finally, Plaintiff dismissed the action in *Parisi I* after a Demurrer had been sustained to *each* of Plaintiff's prior causes of action, including for violation of section 2923.5.  At no point were the pleadings even final, let alone were they sufficiently set in such a way that Plaintiff would have

succeeded on such claim.

### C.    Plaintiff Has Received the Maximum Remedy Available under Section 2923.5.

Plaintiff states that he previously received an injunction based on an alleged violation of section 2923.5.  [FAC, par. 52.]  As such, Plaintiff has already received the maximum remedy available under that section.  [*Mabry*, *supra*, 185 Cal.App.4th at 214, 231-232.]

### 8.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR "VIOLATION OF THE FORECLOSURE REDUCTION ACT" MUST FAIL.

Plaintiff alleges a violation of the newly enacted Homeowner's Bill of Rights1 because Lender Defendants allegedly "dual-tracked" his loan modification application and the foreclosure.  [*See* FAC, par. 76.]

### A.    The HBOR is Not Retroactive.

The HBOR amended the Civil Code with respect to nonjudicial foreclosure. Additions to the Civil Code are not retroactive unless the Legislature expressly states otherwise.  "NOT RETROACTIVE.   No part of it is retroactive, unless expressly so declared."  [Civ. Code § 3.]  There is a presumption that statutes passed by the Legislature act only *prospectively*, absent a clear intent to the contrary.  [*Myers v. Philip Morris Companies, Inc.*, 28 Cal.4th 828, 841 (2002).]  In *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 5199411, *5 fn. 4 (N.D. Cal. October 22, 2012), the court stated "there is no indication that the [HBOR] is intended to be, or will be, applied retroactively."  Nothing in the HBOR indicates an intent on the part of the Legislature to apply that statute retroactively, thus, any claim as to any conduct prior to January 1, 2013 effective date is not governed by the HBOR.  To the extent Plaintiff's claims rely on foreclosure notices that were recorded prior to January 1, 2013, such claims fail as the HBOR would not apply to them.  In particular, sections 2923.5, 2923.55, 2923.6 and 2924.11 all apply prior to the recordation of a Notice of Default or Notice of Trustee's Sale.  In this case, each

---

1 As noted above, Plaintiff references the HBOR as the "Foreclosure Reduction Act." In either case, it is clear in the Complaint that Plaintiff is referring to the scheme of statutory enactments passed by the Legislature during the 2012 session and becoming effective as of January 1, 2013.  [*See* 2012 Cal. Legis. Serv. Ch. 87 (S.B. 900) (West).]

of those documents was recorded prior to the January 1, 2013 effective date of the HBOR.  As such, Plaintiff cannot allege any violation of those sections.

**B.    Plaintiff Fails to Allege a Violation of the HBOR with Particularity.**

As noted above, a claimed violation of statute must be alleged with "reasonable particularity."  [*Perdue*, *supra*, 38 Cal.3d at 929.]  In this instance, Plaintiff simply alleges that "Defendants have not complied with Civil Code §§ 2923.5, 2924.10, 2923.11, 2924.12, 2924.17, 2924.18 because Plaintiff submitted a completed Loan Modification Application which is still pending."  [FAC, par. 76.] Plaintiff simply lists, indiscriminately, a variety of statutory sections within the HBOR without discussing what specific sections were violated or providing any statutory language that is implicated.  Plaintiff's laundry-list style allegation without any application to the facts of the case is insufficient to fully put Lender Defendants on notice of what is being alleged as a violation.  Moreover, absent a more particular discussion of the alleged violations, Plaintiff has not alleged facts sufficient to establish a violation that occurred after the HBOR became effective on January 1, 2013.  Finally, Plaintiff's claims regarding dual tracking do not offer relief under the HBOR.  The HBOR prevents the recordation of documents during the loan modification process and creates liability if a trustee's sale is otherwise conducted.  To the extent the recordation of a notice of default or notice of trustee's sale is prohibited under the HBOR while a loan modification application is being considered, those documents were recorded prior to its enactment here.  Otherwise, absent the completion of a trustee's sale, there is no act alleged by Plaintiff that can constitute a violation of the HBOR beyond its effective date.  No sale is alleged to have occurred here and the HBOR thus does not provide any relief.

**C.    Plaintiff Has Not Alleged Substantial Prejudice Due to any Alleged Defect.**

To challenge a trustee's sale based on any claimed irregularity in the

Kutak Rock LLP
Attorneys At Law
Irvine

foreclosure process, a plaintiff must plead and prove substantial prejudice resulting from the alleged defect. [*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1257 (2005).] Here, Plaintiff has not identified any statutory violation that has caused prejudice with respect to his loan.

### D.   The Only Remedy Available to Plaintiff Under the HBOR is an Injunction.

Plaintiff seeks damages for the alleged violation of the HBOR. Plaintiff does not, however, contend that the Property has sold at trustee's sale. [FAC, *passim*.] As such, the only remedy available under the HBOR is found in Civil Code section 2924.12(a), which is an injunction. The only damages provided for under the HBOR arise post-sale in section 2924.12(b). As such, Plaintiff's claim for damages must fail.

## 9.   PLAINTIFF'S THIRD, FOURTH FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION FOR "UNFAIR BUSINESS PRACTICES" MUST FAIL.

Plaintiff alleges various violations of Business & Professions Code section 17200, including the alleged use of a yield spread premium, an allegedly invalid Assignment of the Deed of Trust by MERS, and the securitization of the loan. [FAC, pars. 80, 98-99, 107, 118, 126.]

### A.   Plaintiff Fails to Allege an Unfair Business Practice by Lender Defendants.

The court in *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) held a "reasonable particularity" pleading standard applies to a section 17200 claim. Plaintiffs fail to sufficiently allege any unfair or unlawful practice with the requisite particularity. Notably, no purportedly violated statutory language is alleged, let alone violative conduct. As discussed further below, Plaintiff fails to allege facts to indicate any yield spread premium was charged or that such charge, if made, was improper or illegal. Plaintiff's claims with respect to MERS's authority to assign interest in the Deed of Trust fail as discussed above, as do Plaintiff's claims regarding securitization of the loan. Further, as noted above, Plaintiff cannot claim

any interest in the securitization and identifies nothing that precludes the alleged securitization of his loan or any party benefiting from same, such claims having repeatedly found to be *frivolous* by other courts.  Finally, nothing requires that the lender provide the loan proceeds in any specific manner.  Plaintiff claims that the original lender did not fund the loan out of its own proceeds, but Plaintiff provides no authority or analysis as to why that would be relevant if true.  Plaintiff admits receiving the loan proceeds and admits accepting the contractual obligation to repay those funds to the lender.  Where the lender got those funds or what the lender may be required to do with Plaintiff's repayment is irrelevant to Plaintiff or his obligations pursuant to the loan terms he accepted.  No unlawful or unfair business practice is alleged and this claim fails.

### B.     Plaintiff Fails to Allege Any Actual Injury.

A private person has standing to assert a section 17200 claim only if he or she has (1) "suffered injury in fact," and (2) lost money or property as a result of such unfair competition."  [Bus. & Prof. Code § 17204.]  Plaintiff does not allege any way in which he was harmed by the securitzation of the loan, as discussed above, and does not allege that the securitization or MERS's alleged role caused his default.  Similarly, Plaintiff does not identify anything improper or illegal about an allegedly included yield spread premium.

### C.     Plaintiff Fails to Plead Any Valid Underlying Claim.

"The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct."  [*Nool v. Homeq Servicing*, 2009 WL 2905745, *7 (E.D. Cal. 2009).]  This claim therefore fails along with the other claims upon which it is based.

### D.     Plaintiff's Allegation Regarding the Notice of Default and an Alleged Yield Spread Premium Must Fail.

Plaintiff asserts he was charged a yield spread premium with respect to his loan.  [FAC, par. 80.]  "[F]ederal and state courts have rejected the proposition that [yield spread premiums] are per se illegal."  [*Tasaranta v. Homecomings*

*Financial*, 2009 WL 3088335 (S.D.Cal. September 21, 2009); *Byars v. SCME Mortg. Bankers, Inc.*, 109 Cal.App.4th 1134, 1143-44 (2003)).]  In *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1208 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that yield spread and service release premiums that the lender paid to a mortgage broker, were not prohibited.  Because there is nothing to support any illegality with respect to the alleged yield spread premium, Plaintiff's claim that the Notice of Default states the incorrect amount must fail because it is based on a legally flawed assumption.  Further, under California law, all that is required is that a Notice of Default includes "a correct statement of some breach or breaches sufficiently substantial in their nature to authorize…foreclosure." [*Birkhofer v. Krumm*, 27 Cal.App.2d 513, 524 (1938).]  Here, the Notice of Default states that Plaintiff breached the Deed of Trust by his "[f]ailure to pay the monthly payment due April 1, 2009…"  [RJN, Ex. "B".]  Plaintiff does not dispute this statement of his default.

> **E.**      **Plaintiff's Claims Regarding MERS's Authority Fail.**

Plaintiff alleges that the Assignment of Deed of Trust executed by MERS was ineffective because MERS did not have legal authority to assign the Note. [FAC, par. 98.]  First, Plaintiff identifies no attempt by MERS to assign the note. The recorded Assignment transferred beneficial interest in the Deed of Trust, not the note.  Second, to the extent the Deed of Trust was implicated, the court in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (Aug. 11, 2011) rejected precisely this claim, however.  The court in *Fontenot* stated "MERS may exercise the rights and obligations of a beneficiary of the deed of trust, a role ordinarily afforded to the lender…Plaintiff's argument appears to be premised on the unstated assumption that only the owner of the promissory note can be designated as the beneficiary of a deed of trust, but she cites no legal authority to support that premise." [*Fontenot*, 198 Cal.App.4th at 273.]  Plaintiff's claim that the note and Deed of Trust have thus "split" is unsupported under California law as the

beneficiary of the Deed of Trust need not be the holder of the note and possession of the note is not required to foreclose upon the Property. [*Id.* at 270, 272-273; *see also Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433, 440-41 (2012).] Further, Plaintiff in executing the Deed of Trust agreed that MERS would act as beneficiary in a nominee role for the lender, and thus is now precluded from challenging its authority to act in that role. [*See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1158 (2011).] Additionally, even if the Assignment of Deed of Trust was invalid, that would not void any attempts at foreclosure. In *Haynes v. EMC Mortg. Corp.*, 2012 WL 1194957 at *2-*4 (Cal.1st.Dist. April 9, 2012), the court stated that "where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded." Plaintiff admits the instrument he executed was a Deed of Trust, not a mortgage. As such, even if the Assignment were invalid, that would not state a claim challenging the foreclosure sale or otherwise identifying any illegality.

Finally, Plaintiff's claim that MERS was not authorized to conduct business in California is unsupported by any factual basis and fails as a matter of law. [*Perlas v. Mortgage Electronic Registration Systems (MERS)*, 2010 WL 3079262, *6 (N.D. Cal. 2010) ("because MERS has now registered with the California Secretary of State, any prior activity is *retroactively validated*").] Plaintiff offers no authority, moreover, to indicate that registration in California was required to assign beneficial interest and no authority to indicate that such an assignment, even if not registered, violated any statute.

## 10.  PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING" MUST FAIL.

Plaintiff asserts that "[n]othing in the DOT or the Note allows Defendants to use assets created by the Plaintiff to generate revenue." [FAC, par. 140.]

### A.   Plaintiff Fails to Allege a Purportedly Violated Covenant.

To base a claim on a contract, a party must either attach the agreement or allege the substance of all of its relevant terms.  [*Staples v. Arthur Murray*, 253 Cal.App.2d 507, 513 (1967).]  Plaintiff here vaguely refers to the Note and Deed of Trust, but does not identify any provision in those agreements from which the implied covenant at issue here arises. In particular, Plaintiff does not identify a provision that precludes or addresses an act allegedly committed by Lender Defendants.  In particular, as discussed above, Plaintiff can claim no interest or injury from securitization.

### B.   Plaintiff Fails to Allege Any Breach by Lender Defendants with Certainty.

The facts constituting the defendant's breach should be stated with certainty.  [*Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 60 (1963).]  Plaintiff fails to identify any provision in the contract that offsets amounts made through securitization against the obligation Plaintiff voluntarily accepted at loan origination.  Plaintiff does not allege that *he* has paid all amounts owed under the loan, which is the requirement for Plaintiff to receive reconveyance under the Deed of Trust.  [*See* RJN, Ex. "A", par. 23.]  As such, Plaintiff fails to identify any act which could constitute breach of any provision of the note or Deed of Trust.

### C.   Plaintiff Cannot Allege Performance of All Conditions of the Agreement.

In order to state any breach of contract cause of action, a plaintiff must allege facts indicating that he performed all conditions under the contract.  [*Careau & Co. v. Security Pac Business Credit*, 222 Cal.App.3d 1371 (1990).]  Plaintiff has not alleged performance of all conditions under the loan documents, particularly as related to reconveyance of the Deed of Trust.  Plaintiff does not allege payment of all amounts owed under the note and Deed of Trust.

### D.   The Covenant Cannot Be Breached By Acts Expressly Permitted Within the Note or Deed of Trust.

The covenant of good faith and fair dealing will never be implied so as to

prohibit that which is expressly permitted under a contract. [*Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 808 (1995).] As noted above, the Deed of Trust in this instance explicitly provides that the note and Deed of Trust may be sold one or more times. [RJN, Ex. "A", par. 20.] As the act alleged as breach is expressly permitted in the Deed of Trust, Plaintiff's claim must fail.

## 11. PLAINTIFF'S NINTH CAUSE OF ACTION FOR "TRESPASS TO CHATTELS" AND TENTH CAUSE OF ACTION FOR "CONVERSION" MUST FAIL.

Plaintiff alleges that Lender Defendants are interfering with Plaintiff's possession of the "assets" created from his loan application. [FAC, par. 150.] Plaintiff also alleges he possesses rights in all "assets" arising from the loan transaction. [FAC, par. 155.]

### A. Plaintiff Fails to Allege Interference with Plaintiff's Possession of Personal Property.

"Under California law, trespass to chattels 'lies where an intentional interference with the possession of personal property has *proximately* caused injury.'" [*Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1350-1351 (2003).] To claim conversion, a plaintiff must assert facts indicating a defendant assumed control or ownership inconsistent with plaintiff's possessory or ownership rights and facts indicating that the defendant wrongfully exerted dominion. [*Igauye v. Howard*, 114 Cal.App.2d 122, 126 (1952).] Plaintiff does not identify any authority to indicate that he has any ownership or possessory interest in any assets created by the securitization of his loan. Plaintiff admits receiving the loan proceeds to which he was entitled under the note and Deed of Trust and the Deed of Trust specifically notified Plaintiff the loan could be sold without consent or notice and does not confer any rights in Plaintiff with respect to such sale. As Plaintiff has no possessory interest in the proceeds of the securitization, Plaintiff has not identified any interference with his interest in any personal property and such claim has been deemed frivolous.

### B.     Real Property is Not a Proper Subject of a Conversion Claim.

Plaintiff alleges conversion related to his loan.  To the extent Plaintiff refers to a pending foreclosure, such a claim fails as real property cannot be the subject of a conversion claim.  "[I]t is generally acknowledged that conversion is a tort that may be committed only with relation to personal property and not real property." [*Munger v. Moore*, 11 Cal.App.3d 1, 7 (1970).]

### 12.   PLAINTIFF'S ELEVENTH AND TWELFTH CAUSES OF ACTION FOR "FRAUD" MUST FAIL.

Plaintiff alleges the lender "intentionally omitted and intentionally failed to disclose" the intent to securitize the loan and/or negligently so failed.  [FAC, pars. 176.]  Plaintiff alleges a failure to disclose the yield spread premium.  [FAC, par. 188.]

### A.     Plaintiff Does Not Specifically Allege a Misrepresentation by Lender Defendants.

The essential allegations for an action in fraud are: (1) false representation as to a material fact; (2) intent to defraud; (3) justifiable reliance; and (4) resulting damage.  [*Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz*, 57 Cal.App.3d 104, 109 (1976).]  Plaintiff does not identify any misrepresentation made to him or any fact withheld by Lender Defendants.  In particular, Plaintiff does not allege that Lender Defendants played any role at loan origination such that they would have been required to disclose the yield spread premium and no statements regarding the yield spread premium are alleged to have been made by Lender Defendants.  Moreover, contrary to Plaintiff's assertion, the Deed of Trust does explicitly notify Plaintiff that the loan can be sold without notice or consent.  [RJN, Ex. "B".]  And, courts have rejected arguments that a lender commits fraud by failing to disclose an intent to securitize the loan at loan origination.  [*Chan Tang v. Bank of America, N.A.*, 2012 WL 960373 at *13 (C.D. Cal. 2012) ("Plaintiffs have not alleged specific representations that were false or misleading, they do not identify the speaker of such misrepresentations, and they have not alleged how the possible securitization

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

of their mortgage was a material fact nor how that eventual securitization damaged them."); *Shapiro v. Bank of America, N.A.*, 2012 WL 670960 at *5 (E.D. Cal. 2012).]

**B.      Plaintiff Fails to Allege Specific Facts Indicating Knowledge of Falsity.**

Knowledge of falsity or "scienter" is considered an essential element of fraud.  [*Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).]  Plaintiff does not plead any facts to indicate that any statement was made to Plaintiff with knowledge of its falsity.

**C.      Plaintiff Cannot Allege Specific Facts Indicating Reliance.**

To sufficiently allege constructive fraud claim, there must be a breach of duty and plaintiff must be misled "to his prejudice."  [Civ. Code § 1573.]  A plaintiff must allege specific facts indicating *actual* and *reasonable* reliance on an alleged misrepresentation.  [*Nathanson v. Murphy*, 132 Cal.App.2d 363, 369-70 (1955).]  Plaintiff does not allege any misrepresentation that he relied upon and no facts are alleged to indicate that had Plaintiff known the loan would be securitized that he would have not accepted the loan proceeds.

**D.      Plaintiff Fails to Plead any Resulting Injury.**

In *Rivera v. Aurora Loan Services LLC*, 2010 WL 1709376 (S.D. Cal. April 26, 2010), the court stated "The Court does not deny that losing her home would be an injury to her.  But that…injury arises from her failure to perform under the promissory note and deed of trust." [*Id*. at *3-4.]  As in *Rivera*, any injury to Plaintiff stems from their own default under the loan.

**E.      Plaintiffs Cannot Assert a Claim for Concealment.**

Liability for failure to disclose may only be found in the presence of a fiduciary relationship.  [*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 664.]  Courts have consistently held that no fiduciary relationship exists between a lending institution and its borrower.  [*Kim v. Sumitomo Bank*, 17 Cal.App.4th 979 (1993).]  Moreover, Plaintiff identifies no duty, whether fiduciary or otherwise, for

a lender to disclose its future intent to sell the loan or to attempt to profit off of its loan offer.  In fact, a lender may pursue its own economic interest and no duty to disclose can be inferred.  [*See Perlas*, *supra*, 187 Cal.App.4th at 436.]

**13.   PLAINTIFF'S   THIRTEENTH   CAUSE   OF   ACTION   FOR "VIOLATION OF 15 U.S.C. § 1641(G)" MUST FAIL**

Plaintiff states he "never received notice of assignment of the beneficial interest in Plaintiff's loan." [FAC, par. 197.]

**A.   This Claim is Time Barred.**

A civil claim under TILA must be brought within one year of the violation. [15 U.S.C. § 1640(e).]  As a general rule, the statute of limitations begins to run "from the date of the consummation of the transaction." [*King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).]  Here, On October 19, 2009, the Assignment of Deed of Trust was recorded on October 19, 2009.  [RJN, Ex. "E".]  Plaintiff was thus placed on notice regarding transfer of the loan on that date.  This action was not filed until January 15, 2013.

**B.   Plaintiff Fails to Allege Actual Damage.**

Section  1641(g)(1) requires a plaintiff to plead he or she sustained actual damage as a result of a violation of that section or that additional finance charges were assessed. "A creditor that fails to comply with any requirement imposed under section 1641(g)(1) only faces liability for 'any *actual damages* sustained by such person as a result of the failure'." [*Beall v. Quality Loan Service Corp.*, 2011 WL 1044148 at *6 (S.D. Cal. March 11, 2011) (citing to 15 U.S.C. 1640(a)(1)); *see also Byrd v. Guild Mortg. Co.*, 2011 WL 6736049 (S.D. Cal. Dec. 20, 2011).]  Plaintiff identifies no damage causally related to any failure under this section, but instead alleges damages caused by his own default.  No facts indicate the Assignment caused Plaintiff's default.

**C.   Section 1641(g) Applies Only to "Creditors".**

Section 1641(g)(1) only applies to the creditors who claim to be the owner of the note. [*Thepvongsga v. Regional Trustee Services Corp.*, 2011 WL 307364 at

*11 (W.D. Wash Jan. 26, 2011).]   The official interpretation of implementing regulations for section 1641 make clear the section "does not apply to a party that acquires only a beneficial interest or security interest in the loan.… For example, an investor that acquires mortgage-backed securities, pass-through certificates, or participation interests and does not acquire legal title to the underlying mortgage loans is not covered by this section."   [Supplement I to 12 CFR 226.39(E), Fed. Reg. Vol. 75, No. 185, Sept. 24, 2010.]   A trustee of a securitized trust does not constitute a "creditor" because it "is not the person to whom the debt arising from the transaction is initially payable."   [*Salmo v. PHH Mortg. Corp.*, 2011 WL 2682151 (C.D. Cal. July 11, 2011) (citing 15 U.S.C. § 1602(f); *Wilson v. Wells Fargo Bank*, 2011 WL 3443635 (E.D. Cal. Nov. 17, 2011).]

## 14.   PLAINTIFF'S FOURTEENTH CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" MUST FAIL.

Plaintiff alleges that Defendants received $940,000 that was "intended to be used for the benefit of Plaintiff."   [FAC, par. 202.]

### A.   Plaintiffs Fail to Identify Any "Certain Sum" in their Complaint.

In order to plead a common count, a plaintiff must identify "a statement of indebtedness in a certain sum."   [*Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 460 (1997).]   Plaintiffs fail to identify any "statement of indebtedness" of any certain sum to which Plaintiff is owed, which is fatal to this claim.

### B.   Plaintiffs' Cause of Action for Common Counts Fails with the Other Claims.

Where a common count is joined with another defective cause of action based on the same facts, that common count may also fail with the claim upon which it is joined.   [*Orloff v. Metropolitan Trust Co.*, 17 Cal.2d 484 (1941), *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445 (1997).]   In *Berryman v. Merit Property Mgt*, 152 Cal.App.4th 1544 (2007), the Court found "When a common count is used as alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of

1  action is demurrable.  Thus, because this count must stand or fall on the viability of

2  plaintiffs' other claims, the demurrer was properly sustained."  [*Berryman*, 152

3  Cal.App.4th at 1560 (citing *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 394-

4  395).]  As Plaintiffs' other claims fail, this claim too fails.

5  **15.**   **CONCLUSION**

6       For the foregoing reasons, Lender Defendants respectfully request this Court

7  grant the Motion to Dismiss without leave to amend.

8  Dated:  June 6, 2013                 KUTAK ROCK LLP

9

10                                       By: /s/ Steven M. Dailey

11                                          Jeffrey S. Gerardo
                                           Steven M. Dailey

12                                          Attorneys for Defendants,
                                           US BANK NATIONAL

13                                          ASSOCIATION, AS TRUSTEE
                                           FOR SG MORTGAGE

14                                          SECURITIES ASSET BACKED
                                           CERTIFICATES, SERIES 2006-

15                                          FRE2 and WELLS FARGO BANK,
                                           N.A. SUCCESSOR BY MERGER

16                                          TO WELLS FARGO HOME
                                           MORTGAGE, INC. DBA

17                                          AMERICA'S SERVICING
                                           COMPANY

18

19

20

21

22

23

24

25

26

27

28