1  Bret D. Lewis, Esq. [SBN 166819]
   12304 Santa Monica Blvd., Ste 107A
2  Los Angeles, CA 90025
   Tel (310) 207-0696
3  Fax (310) 362-8424
   Email: Bretlewis@aol.com
4
   Attorney for Plaintiff
5  Joseph Parisi

6

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11

12 Joseph Parisi,                    ) Case No.:  SACV 13-00833 JVS(SSx)
                                     )
13             Plaintiff,            ) PLAINTIFF'S OPPOSITION TO
                                     ) SIGNATURE HOLDINGS, INC.
14                                   ) MOTINO TO DISMISS;
                                     ) MEMORANDUM OF POINTS AND
15 vs.                               ) AUTHORITIES
                                     )
16 U.S. Bank National Association, as )
17 Trustee for SG Mortgage Securities ) DATE:    AUGUST 12, 2013
   Asset Backed Certificates, Series 2006- ) TIME:    1:30 P.M.
18 FRE2, et al                       ) CTRM:    10C
                                     )
19                                   )
                                     )
20             Defendants.           )
   _____)

21

22

23 Plaintiff submits his Opposition to Defendant's Motion to Dismiss as follows:

24

25

26

27

28
                                    1

**TABLE OF CONTENTS**      **Page**

I.     LEGAL STANDARD     7

II.    PLAINTIFF ADEQUATELY PLEADS A FIRST CAUSE
OF ACTION FOR VIOLATION OF CAL. CIV CODE §2923.5    8

III.   PLAINTIFF ADEQUATELY PLEADS A SECOND CAUSE OF
ACTION FOR VIOLATION OF THE CALIFORNIA
FORECLOSURE REDUCTION ACT    9

IV.   PLAINTIFF ADEQUATELY PLEADS A THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CAUSE OF ACTION FOR
UNFAIR BUSINESS PRACTICES    9

V.     PLAINTIFF ADEQUATELY PLEADS AN EIGHTH CAUSE
OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH
AND FAIR  DEALING    12

VI.   PLAINTIFF ADEQUATELY PLEADS A NINTH AND TENTH
CAUSE OF ACTION FOR TRESPASS TO CHATTEL AND
CONVERSION    17

VII.   PLAINTIFF ADEQUATELY PLEADS AN ELEVENTH AND
TWELFTH  CAUSE OF ACTION FOR FRAUD-CONCEALMENT    18

VIII.   PLAINTIFF ADEQUATELY PLEADS A THIRTEENTH CAUSE
OF ACTION FOR VIOLATION OF 15 USC §16419(g)    21

IX.   PLAINTIFF ADEQUATELY PLEADS AN FOURTEENTH
CAUSE OF ACTION FOR MONEY HAD AND RECEIVED    21

X.     CONCLUSION    22

Opposition to Signature Holdings, Inc. Motion to Dismiss

**TABLE OF AUTHORITIES**      **Page**

**California Cases**

*AmerUs Life Ins. Co. v. Bank of America, N.A.* (2006)
    143 Cal.App.4th 631      17

*Boschma v. Home Loan Center, Inc.* (2011)
    198 Cal.App.4th 230      9-11,18,20

*Carma Developers, Inc. v. Marathon Development California, Inc.*
    (1992) 2 Cal.4th 342      13

*Comunale v. Traders & General Ins. Co.* (1958)
    50 Cal.2d 654      12

*Cooper* v. *Burch* (1906)
    3 Cal.App. 470      16

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café and Takeout III, Ltd.*
    (1994) 30 Cal.App.4th 54      15

*Kransco v. American Empire Surplus Lines Ins. Co.* (2000)
    23 Cal.4th 390      12

*Kwikset Corp. v. Superior Court* (2011)
    51 Cal.4th 310      10

*Ladd v. Warner Bros. Entertainment, Inc.* (2010)
    184 Cal.App.4th 1298      13

*LiMandri v. Judkins* (1997)
    52 Cal.App.4th 326      19

*Locke v. Warner Bros., Inc.* (1997)
    57 Cal.App.4th 354      13,21

*Mabry v. Superior Court* (2010)
    185 Cal. App. 4th 208      8

**Page**

*Mirkin v. Wasserman* (1993)
  5 Cal.4th 1082                                                      20

*Morgan v. AT&T Wireless Services, Inc.* (2009)
  177 Cal.App.4th 1235                                                9

*Pacific Valley Bank v. Schwenke* (1987)
  189 Cal.App.3d 134                                                  16

*Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992)
  11 Cal.App.4th 1026                                                12

*Randi W. v. Muroc Joint Unified School Dist.* (1997)
  14 Cal.4th 1066                                                    19

*Vega v. Jones, Day, Reavis & Pogue* (2004)
  121 Cal.App.4th 282                                                18

*Wolf v. Walt Disney Pictures and Television* (2008)
  162 Cal.App.4th 1107                                               12


**Federal Cases**

*Ashcroft v. Iqbal* (2009)
  556 U.S. 662                                                       7

*Balistreri v. Pacifica Police Dep't* (9th Cir.1990)
  901 F.2d 696                                                       7

*Bell Atl. Corp. v. Twombly* (2007)
  550 U.S. 544                                                       7

*Cruz v. Beto* (1972)
  405 U.S. 319                                                       7

*Davis v. Scherer* (1984)
  468 U.S. 183                                                       7

Opposition to Signature Holdings, Inc. Motion to Dismiss

| | Page |
|---|---|
| *Eminence Capital, L.L.C. v. Aspeon, Inc.* (9th Cir.2003)<br>    316 F.3d 1048 | 7 |
| *Scheuer v. Rhodes* (1974)<br>    416 U.S. 232 | 7 |

**California Statutes**

| | |
|---|---|
| *Business & Prof. Code* § 17200, et seq. | 9,10 |
| *Civil Code* § 1572 (3) & (5) | 18 |
| *Civil Code* §1636 | 13 |
| *Civil Code* §1637 | 13 |
| *Civil Code* §1638 | 13 |
| *Civil Code* §1639 | 13 |
| *Civil Code* §1641 | 13 |
| *Civil Code* §1643 | 14 |
| *Civil Code* §1644 | 14 |
| *Civil Code* §1646 | 14 |
| *Civil Code* §1647 | 14 |
| *Civil Code* §1648 | 14 |
| *Civil Code* §1649 | 14 |
| *Civil Code* §1650 | 14 |
| *Civil Code* § 1710 (3) | 18 |
| *Civil Code* §§ 2923.5 | 8 |

5

**Page**

*Civil Code* §§ 2923.5-2923.6                    9

*Civil Code* §§ 2924.10-2924.12                  9

*Civil Code* §§ 2924.17-2924.19                  9

*Code of Civil Procedure* § 339                  21

*Code of Civil Procedure* § 1654                 14,15

**Federal Statutes**

15 U.S.C. §1640                                  21

15 U.S.C. §1641(g)                               21

**Federal Rules**

Fed. R.Civ.P. 15(a)                              7

Opposition to Signature Holdings, Inc. Motion to Dismiss

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## LEGAL STANDARD

A court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer,* 468 U.S. 183 (1984); *Cruz v. Beto,* 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a ***cognizable*** legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) (emphasis added.).

If a court should grant a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

Defendant pretends that the standard for every cause of action is the same as pleading fraud and borderlines on a summary judgment standard of admissible evidence. This is not a summary judgment proceeding, contrary to Defendant's legal characterization.

**II.**

**PLAINTIFF ADEQUATELY PLEADS A FIRST CAUSE OF**
**ACTION FOR VIOLATION OF CAL. CIV CODE §2923.5**

**Law**

The specific holding and result of *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, requires that the Defendants file a new Notice of Default if there is a finding that *Civil Code* §2923.5 was violated. "If the trial court finds that Aurora has complied with section 2923.5, foreclosure may proceed. If not, it shall be postponed until Aurora files a new notice of default in the wake of substantive compliance with section 2923.5." *Id.* at p. 237.

Plaintiff is entitled to injunctive relief against Defendant's until such time as Defendant's  comply with the requirements of  *Civil Code* §2923.5 as interpreted by *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, and file a new Notice of Default.

**Application to the present case**

*Civil Code* §2923.5 has been amended since 2009, thus the legal issue is it's operation and affect to Defendant's conduct at the filing of the Notice of Default. Defendant attempts to confuse *Civil Code* §2923.5 as it was in effect in 2009 (the filing of the Notice of Default) and the California Foreclosure Reduction Act of 2012.

Defendant contends that US Bank is responsible since it filed the Notice of Default. This is contrary to the facts and beyond this motion. Plaintiff allegations in ¶¶45-47 demonstrate a factual issue that Signature was the presumed owner of the Note since the Assignment was not signed until 3 months after the filing of the Notice of Default. So, factually, not a mere conclusion, Signature's legal assertion fails.

Defendant fails to cite any legal authority that the holding of *Mabry* does not apply to them and is not controlling authority for this particular factual situation.

If this court does not consider that collateral estoppel applies, the fact that Plaintiff plead sufficient facts in a previous case and demonstrated a prima facie case to achieve a temporary restraining order, preliminary injunction and denial of a motion to dissolve a

8

preliminary injunction ***with prejudice***, should give grounds for this Plaintiff to be allowed to amend the pleading.

## III.

## PLAINTIFF ADEQUATELY PLEADS A SECOND CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA FORECLOSURE REDUCTION ACT

**Law**

The law as cited by Plaintiff in his FAC is Cal. Civ. Code §§2923.5-2923.6, 2924.10-2924.12 and 2924.17-2924.19.

**Application to the present matter**

Plaintiff submits that his factual pleading in ¶¶70-77 is sufficient to prevail in this motion to dismiss.

## IV.

## PLAINTIFF ADEQUATELY PLEADS A THIRD, FOURTH, FIFTH, SIXTH AND SEVENTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

**Law**

*Business and Professions Code* §17200 prohibits any unlawful, unfair or fraudulent business act or practice. A practice can violate this section even if it is merely unfair and not unlawful. Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices.

"California's UCL 'does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.' " (Citing § 17200.) *Boschma* at 251-252.

" '[A] fraudulent business practice is one that is likely to deceive members of the public.' " (citing *Morgan v. AT&T Wireless Services, Inc.* (2009) 177 Cal.App.4th 1235, 1255 [99 Cal. Rptr. 3d 768].) *Id.* at 252.

" 'A claim based upon the fraudulent business practice prong of the UCL is

1  'distinct' from common law fraud." "A [common law] fraudulent deception must be

2  actually false, known to be false by the perpetrator and reasonably relied upon by a

3  victim who incurs damages. None of these elements are required to state a claim for ...

4  relief' under the UCL." [Citations.] *Id.*

5  "This distinction reflects the UCL's focus on the defendant's conduct, rather than

6  the plaintiff's damages, in service of the statute's larger purpose of protecting the general

7  public against unscrupulous business practices. A fraudulent business practice 'may be

8  accurate on some level, but will nonetheless tend to mislead or deceive. ... A perfectly

9  true statement couched in such a manner that it is likely to mislead or deceive the

10 consumer, such as by failure to disclose other relevant information, is actionable under

11 the UCL.' " [Citation.] *Id.* at 252-253.

12 The *Boschma* court found that plaintiffs' adequately pled a section 17200 claim

13 through their common law fraud allegations. *Id.* at 253.

14 "At the pleading stage, a UCL plaintiff satisfies its burden of demonstrating

15 standing by alleging an economic injury." (citing *Kwikset Corp. v. Superior Court*

16 (2011) 51 Cal.4th 310, 323-325 [120 Cal. Rptr. 3d 741, 246 P.3d 877].)

17 **Application to present matter**

18 Plaintiff's pleading specifically alleges conduct and documents which

19 demonstrates a prima facie case of fraudulent concealment and intentional fraud by

20 Defendant:

21 3rd Cause of Action (¶¶77-84) – Specifically asserts facts and authority for fraud

22 and an unfair business practice as related to the Note which was created by Signature.

23 4th Cause of Action (¶¶85-103) – Specifically asserts facts and authority for fraud

24 and an unfair business practice as related to the purported timing of the transfer of the

25 Note and Deed of Trust as compared to SEC documentation and it's discussion and

26 description of transfers of interest in Plaintiff's loan, Note and Deed of Trust. Plaintiff's

27 allegations specifically demonstrate the discrepancy (fraud) between the SEC

28 documentation and the recorded documentation.

5th Cause of Action (¶¶104-112) – Specifically asserts facts and authority for fraud and an unfair business practice as related to US Bank's position as Trustee. Since Signature contends that it assigned its interest to US Bank National Association, as Trustee for SG Mortgage Securities Asset Backed Certificates, Series 2006-FRE2 (see Defendant Req. Jus. Notice    ), then there must be a "trust vehicle" that gives US Bank authority to proceed as a "trustee" to foreclose on the asset. This is basic trust law, regardless of any hyper-distinction between jurisdictions. Plaintiff specifically and factually pleads that US Bank was only named as the trustee for the SGMS Trust, not as trustee for SG Mortgage Securities Asset Backed Certificates, Series 2006-FRE2. Thus, either under the facts, Signature's assignment was a mistake and void or it is fraud. Either way, Plaintiff has plead facts which go beyond  Motion to Dismiss.

6th Cause of Action (¶¶113-122) – Specifically asserts facts and authority for fraud and an unfair business practice as related to the restrictions of US Bank as a trustee as applied to proceeding with any foreclosure on Plaintiff's property. Again, the factual and legal theory is consistent with the allegations of the 5th Cause of Action. Further, Plaintiff demonstrates a fraudulent transfer do to the factual discussions of the SEC documentation with the purported transfers recorded in the county records. This is not a matter of construing the Defendant's position as related to the securitization documentation, this is a matter of fraudulent documentation of alleged transfers to entities that have no authority to act when compared to the securitization documentation.

7th Cause of Action (¶¶123-136) – Specifically asserts facts and authority for fraud and an unfair business practice as related ¶20 of the Deed of Trust. Since Plaintiff has properly plead the elements of fraudulent concealment in his Eleventh and Twelfth Causes of Action, Plaintiff assert a proper cause since the remedies are equitable in the nature of restitution and disgorgement. Thus, Plaintiff's allegations of common law fraud should suffice to meet the pleading requirements of the UCL as found in *Boschma*.

Opposition to Signature Holdings, Inc. Motion to Dismiss

# V.

## PLAINTIFF ADEQUATELY PLEADS AN EIGHTH CAUSE OF ACTION

### Law as to Covenant/Contract

"It has long been recognized in California that '[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.' " *Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 400; *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658.

" 'In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.' " *Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031–1032.

" 'The issue of whether the implied covenant of good faith and fair dealing has been breached is ordinarily 'a question of fact unless only one inference [can] be drawn from the evidence.' " *Hicks c. E.T. Legg & Assoc.* (2001) 89 Cal.App.4th 496, 509.

"[W]ell-established principle that conduct that is outside the expectations of the contracting parties and frustrates the purpose of the contract may give rise to a claim for breach of the implied covenant; thus they reinforce the point made above: If the conduct complained of was expressly bargained for, it cannot, by definition, be considered to be outside the reasonable expectations of the parties." [Citation.] *Wolf v. Walt Disney Pictures and Television* (2008) 162 Cal.App.4th 1107, 1124, fn. 9.

"Extrinsic evidence is admissible, however, to interpret an agreement when a material term is ambiguous. [Citations.] When the meaning of the words used in a contract is disputed, the trial court engages in a three-step (evidentiary) process. *Id.* If there is a conflict in the extrinsic evidence, the factual conflict is to be resolved by the jury. [Citations.] *Id.* at 1127.

When a contract expressly gives a party "discretion" the issue is whether the party

1   acted honestly and in good faith. *Carma Developers, Inc. v. Marathon Development*

2   *California, Inc.* (1992) 2 Cal.4th 342, 372 (hereafter "Carma") *Locke v. Warner Bros.,*

3   *Inc.* (1997) 57 Cal.App.4th 354, 367(hereafter "Locke"); *Ladd v. Warner Bros.*

4   *Entertainment, Inc.* (2010)184 Cal.App.4th 1298, 1306 (hereafter "Ladd").

5        "It is of course a simple matter to determine whether given conduct is within the

6   bounds of a contract's express terms.  For this it is enough that the conduct is either

7   expressly permitted or at least not prohibited.  Difficulty arises in deciding whether such

8   conduct, though not prohibited, is nevertheless contrary to the contract's purposes and

9   the parties' legitimate expectations." *Carma* at 373. In *Carma*, the court concluded that a

10  party's termination of the lease in order to claim for itself appreciated rental value of the

11  premises was expressly permitted by the lease and was clearly within the parties'

12  reasonable expectations." *Id.* at 375. However, in *Locke*, though the studio had the

13  discretion to use Locke as a director or pay her fee, the Court held the studio had to

14  exercise such discretion honestly and in good faith and any question whether the studio

15  violated the implied covenant was a question for the trier of fact. *Locke* at 359.

16       *Civil Code* §1636 provides: "A contract must be so interpreted as to give effect to

17  the mutual intention of the parties as it existed at the time of contracting, so far as the

18  same is ascertainable and lawful."

19       *Civil Code* §1637 provides: "For the purpose of ascertaining the intention of the

20  parties to a contract, if otherwise doubtful, the rules given in this Chapter are to be

21  applied."

22       *Civil Code* §1638 provides: "The language of a contract is to govern its

23  interpretation, if the language is clear and explicit, and does not involve an absurdity."

24       *Civil Code* §1639 provides: "When a contract is reduced to writing, the intention

25  of the parties is to be ascertained from the writing alone, if possible; subject, however, to

26  the other provisions of this Title."

27       *Civil Code* §1641 provides: "The whole of a contract is to be taken together, so as

28  to give effect to every part, if reasonably practicable, each clause helping to interpret the

1  other."

2  *Civil Code* §1643 provides: "A contract must receive such an interpretation as will

3  make it lawful, operative, definite, reasonable, and capable of being carried into effect, if

4  it can be done without violating the intention of the parties."

5  *Civil Code* §1644 provides: "The words of a contract are to be understood in their

6  ordinary and popular sense, rather than according to their strict legal meaning; unless

7  used by the parties in a technical sense, or unless a special meaning is given to them by

8  usage, in which case the latter must be followed."

9  *Civil Code* §1646 provides: "A contract is to be interpreted according to the law

10 and usage of the place where it is to be performed; or, if it does not indicate a place of

11 performance, according to the law and usage of the place where it is made."

12 *Civil Code* §1647 provides: "A contract may be explained by reference to the

13 circumstances under which it was made, and the matter to which it relates."

14 *Civil Code* §1648 provides: "However broad may be the terms of a contract, it

15 extends only to those things concerning which it appears that the parties intended to

16 contract."

17 *Civil Code* §1649 provides: "If the terms of a promise are in any respect

18 ambiguous or uncertain, it must be interpreted in the sense in which the promisor

19 believed, at the time of making it, that the promisee understood it."

20 *Civil Code* §1650 provides: "Particular clauses of a contract are subordinate to its

21 general intent."

22 *Code of Civil Procedure* §1654 provides: "In cases of uncertainty not removed by

23 the preceding rules, the language of a contract should be interpreted most strongly

24 against the party who caused the uncertainty to exist."

25 Thus, summarizing the above discussion, the issues in any case will revolve

26 around (1) what are the express terms of the contact, (2) what is discretionary, (3) what

27 was the expectations of the parties, (4) was any conduct by any party outside the express

28 terms of the contract, (5) if any party has discretion under the contract, was the discretion

1   exercised honestly and in good faith.

2   **Law as to Waiver**

3   *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café and Takeout III, Ltd. (*1994) 30

4   Cal.App.4th 54, 59-60 is a relevant discussion of waiver. "Waiver is the intentional

5   relinquishment of a known right after full knowledge of the facts and depends upon the

6   intention of one party only." Id. at 59.  ' "All case law on the subject of waiver is

7   unequivocal:   'Waiver always rests upon intent. Waiver is the intentional relinquishment

8   of a known right after knowledge of the facts. [Citations]. The burden, moreover, is on

9   the party claiming a waiver of a right to prove it by clear and convincing evidence that

10  does not leave the matter to speculation, and 'doubtful cases will be decided against a

11  waiver. [Citations.] ' " "The pivotal issue in a claim of waiver is the intention of the

12  party who allegedly relinquished the known legal right."

13  **Application to the present matter**

14  Signature's position is that Plaintiff waived Signature's breach under ¶20 of the DOT,

15  thus it doesn't matter what Signature did with the loan or how much money it made, etc.

16  and therefore, Plaintiff can't collect contractual damages. [Mot. 7:7-23.]

17          It should be axiomatic that ¶20 is anything but a waiver of rights discussed in the

18  FAC. But, let's analyze ¶20. Defendant's position is that the language of ¶20 which

19  states in relevant part, "The Note or a partial interest in the Note …can be sold one or

20  more times…" For this court to buy this argument, this means that the word "sold" is

21  being interpreted by this court to mean everything described with clear and précise

22  specificity by Plaintiff in ¶¶25-44, and the 8th Cause of Action at ¶¶137-147. This court

23  would also have to completely forget 100 years of course of conduct in commercial

24  transactions and current debt collection practice where debts, notes and the like when

25  they are sold are "sold" at a "discounted" value under present value of money concepts.

26          This was the standard of such Notes and Deeds of Trust as recently as 30 years

27  ago when securitization was not a common trick by the lenders. This court must also

28  forget the requirements of Cal. Civ. Code of Civ. Proc. §1654 which applies to Signature

1   since Fremont was the originator. Since this is a contractual issue, this court must also

2   analyze the "intent" of the parties to the contract. Plaintiff's intent is clearly described in

3   ¶¶151, 162, 170-193 that there was never any consent to Defendant's securitization and

4   multiple hypothecation of the assets created by the Note and Deed of Trust. So, at the

5   pleading stage, since Plaintiff has clearly alleged a lack of consent, a lack of knowledge,

6   how possibly can there be a waiver or even an agreement under basic contractual

7   principles?

8        ¶ 20 does not say that Siganture can take the Note, Deed of Trust and rest of the

9   loan (which includes Plaintiff's credit rating and other credit information) put it into a

10  special purpose vehicle such as a trust, issue certificates to investors, engage in

11  additional hedge and derivative contracts resulting in revenues up to 5-10 times in

12  "excess" of the $940,000 which is the contracted "debt" alleged owed by the Plaintiff.

13  Common usage of the sale of debt is selling the amount of the debt, not using the assets

14  "created by the Plaintiff" to make more money than the $940,000. Other paragraphs of

15  the Deed of Trust demonstrate that "excess" proceeds is distributed to the Plaintiff. [See

16  ¶ 3 where lender must account to borrower for any excess proceeds; ¶11 where excess

17  proceeds paid to borrower.]

18       The common understanding of the transaction in question is (1) lender gives

19  money to borrower, (2) borrower either pays back lender or lender forecloses under the

20  power of sale in the deed of trust. Defendant gave no "consideration" for the use of the

21  Note and Deed of Trust in a securitization process. See *Pacific Valley Bank v. Schwenke*

22  (1987) 189 Cal.App.3d 134, 140 ["the debtor, by signing a note secured by a deed of

23  trust, does not make an absolute promise to pay the entire obligation, but rather makes

24  only a conditional promise to pay any deficiency that remains if a judicial sale of the

25  encumbered property does not satisfy the debt." (citing *Cooper* v. *Burch* (1906) 3

26  Cal.App. 470, 471 [86 P. 719].).]

27       Thus, it seems that since this is not a summary judgment, Plaintiff should be

28  allowed to proceed forward to prove his case.

## VI.

## <u>PLAINTIFF ADEQUATELY PLEADS A NINTH AND TENTH CAUSE OF ACTION FOR TRESPASS TO CHATTEL AND CONVERSION</u>

Signature does not contest that Plaintiff has properly plead factual elements for Causes of Action for Trespass to Chattels and Conversion. [Mot. 8:26-9:16.]

Defendant's contentions are that the 9th and 10th Causes of Action were waived and are time barred.

The issue of waiver has been discussed at length, *supra*, as applied to the 8th Cause of Action and the same legal principles apply.

As to asserted defense of time bar. If Defendants proceed with a trustee sale there will be damages as a result of conversion and trespass by Defendant Signature. Since the Defendants, including Signature set up a complex machinery of continuous financial manipulation of Plaintiff's assets, there are continuing instances of conversion and trespass that are individually actionable.

Signature must mischaracterize Plaintiff's pleading as a closed system. Since Plaintiff has properly plead the elements of both causes of action in ¶¶148-169, the only possible avenue for the Defendant is an attempt to create the illusion of a time bar. Since Defendant admits Plaintiff's 9th and 10th Causes of Action are triggered by "the act of wrongfully taking property" [Mot. 9:4 citing *AmerUs Life Ins. Co. v. Bank of America, N.A.* (2006) 143 Cal.App.4[th] 631, 639] then Defendant must admit each act of "wrongful taking" by Defendant is separately actionable by the Plaintiff!

Since Defendant does not deny it was a party to the securitization process as thoroughly discussed at length and with great specificity by Plaintiff in ¶¶25-44, Plaintiff's allegations demonstrate a factual basis that Defendant still has an interest in the process. For example, the SEC documents discussed by Plaintiff in ¶¶32-38 contain language of reversion interests back to Defendant in case of certain defaults.

Further, Defendant states constantly in its motion that there was a "sale." However, the only document Defendant can point to is the Assignment of Deed of Trust

17

which does not demonstrate there was a sale of anything. The ADOT does not show any money was transferred, that there was any escrow for a typical sale or the terms and conditions of such sale. Instead, MERS signed the ADOT which creates factual issues beyond the proper considerations of this Motion to Dismiss such as whether MERS received money for Defendant, or did anything that would comply with the specifications of ¶20 of the DOT.

## VII.

## PLAINTIFF ADEQUATELY PLEADS AN ELEVENTH AND TWELFTH CAUSE OF ACTION FOR FRAUD-CONCEALMENT

### Law

In the case of *Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4[th] 230, borrowers alleged that the lender's documents describing option adjustable rate mortgage loans failed to disclose that negative amortization was certain to occur if the borrowers made monthly payments according to the schedule provided. The lender disclosed that negative amortization could occur. The borrowers alleged that they had lost equity in their homes and that they would not have entered into the loans if they had received accurate disclosures. The court held that the complaint sufficiently alleged both the fraud and the UCL causes of action. *Id.*

"Actual fraud consists, among other things, of '[t]he suppression of that which is true, by one having knowledge or belief of the fact' or '[a]ny other act fitted to deceive.' " (citing Civ. Code, § 1572, subds. 3, 5; see also Civ. Code, § 1710, subd. 3 ["definition of 'deceit' includes '[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact' "]; [citing *Vega v. Jones, Day, Reavis & Pogue* (2004) 121 Cal.App.4th 282, 292 [17 Cal. Rptr. 3d 26] "['active concealment or suppression of facts ... is the equivalent of a false representation']." ) *Id.* at 248.

1    " '[T]he elements of an action for fraud and deceit based on concealment are: (1)

2    the defendant must have concealed or suppressed a material fact, (2) the defendant must

3    have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have

4    intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4)

5    the plaintiff must have been unaware of the fact and would not have acted as he did if he

6    had known of the concealed or suppressed fact, and (5) as a result of the concealment or

7    suppression of the fact, the plaintiff must have sustained damage.' " [Citation.] *Id.*

8        The court found that the enhanced pleading burden of fraud re fraudulent

9    omissions was met by the "mortgage instrument, which provides the specific content of

10   the allegedly false representations related to …, as well as the date and place of the

11   alleged fraud." "While the precise identities of the employees responsible ... are not

12   specified in the loan instrument, defendants possess the superior knowledge of who was

13   responsible for crafting these loan documents." [Citation.] In *Boscma*, Defendant

14   mentioned negative amortization. However, defendant did not "clearly state" the effect

15   of the negative amortization. Since the matter was at the "demurrer" stage, the court

16   concluded that "plaintiffs have adequately pleaded that material facts were concealed by

17   inaccurate representations and half-truths." *Id.* at 248-249.

18       ' "The fact that a false statement may be obviously false to those who are trained

19   and experienced does not change its character, nor take away its power to deceive others

20   less experienced. There is no duty resting upon a citizen to suspect the honesty of those

21   with whom he [or she] transacts business. Laws are made to protect the trusting as well

22   as the suspicious. [T]he rule of *caveat emptor* should not be relied upon to reward fraud

23   and deception." '

24   [Citation.] *Id.* at 249.

25       "Defendant had a common law duty to avoid making partial, misleading

26   representations that effectively concealed material facts." (citing *Randi W. v. Muroc*

27   *Joint Unified School Dist.* (1997) 14 Cal.4th 1066, 1082-1084 [60 Cal. Rptr. 2d 263, 929

28   P.2d 582]; *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336 [60 Cal. Rptr. 2d 539].)

1   *Id.* at 250.

2       The *Boschma* court accepted Plaintiff's factual allegations to be true that

3   defendant intentionally omitted a clear disclosure the true nature and effect of the loan.

4   *Id.*

5       "Reliance can be proved in a fraudulent omission case by establishing that 'had

6   the omitted information been disclosed, [the plaintiff] would have been aware of it and

7   behaved  differently.' *Id.* at 250-251. (citing *Mirkin v. Wasserman* (1993) 5 Cal.4th

8   1082, 1093 [23 Cal. Rptr. 2d 101, 858 P.2d 568].) The court noted that "it would be

9   improper to adjudicate the factual question of plaintiffs' actual reliance at the demurrer

10  stage." *Id.* at 250-251.

11      Finally, as to damages, plaintiffs' allegation of lost equity was sufficient to

12  overrule  defendant's demurrer. *Id.* at 251.

13      **<u>Application to the present matter</u>**

14      Defendant states that these causes of action are time barred and inadequately

15  plead. As discussed, *supra*, Defendant initiated a process that is an ongoing fraud and

16  with ongoing damages. Ultimately, despite the monetary damages, a result of

17  Defendant's fraud is the foreclosure process which if concluded with a trustee sale, will

18  create additional damages for the Plaintiff, all a result of Defendant's ongoing fraud

19  which began with ¶20 of the DOT and the economics of the Note and eventual

20  statements of alleged default amount in the Notice of Default.

21      As to Defendant's argument that Plaintiff does not plead specificity. There has

22  never existed a Plaintiff or complaint according to a Defendant that has ever

23  "adequately" plead fraud. This is not a summary judgment proceeding where admissible

24  evidence is required. Plaintiff stands on its allegations as to the 11th and 12th Causes of

25  Action  (¶¶170-193) as to Defendant's fraud and continuing fraud especially the context

26  of ¶20 of the DOT and the Note and economics of the Note. An example of the ongoing

27  nature of Signature's fraud, the amount calculated against the Plaintiff in any possible

28  foreclosure proceeding is continually updated based upon the fraud of the effect of the

1  yield spread premium to any amounts held against the Plaintiff. Thus, Defendant's fraud

2  has a continuing component that should not be time barred since every instance of

3  additional damages was perpetrated by Signature.

4

5  **VIII.**

6  **PLAINTIFF ADEQUATELY PLEADS A THIRTEENTH**

7  **CAUSE OF ACTION FOR VIOLATION OF 15 USC §16419(g)**

8  Defendant contends that Plaintiff's 13th Cause of Action is time barred under 15

9  U.S.C. §1640. [Mot. 12:4-15.] However, Defendant fails to assert any specific authority

10  that the requirements of 15 U.S.C. §1641(g) and any claim of violation is blocked or

11  diminished in any manner by 15 U.S.C. §1641(g). Thus, without such authority,

12  Plaintiff's "adequately" pleads a violation.

13  If Defendant prevails on this Cause of Action, this Court should remand the matter

14  to the state court since it is this cause of action that is the only basis for this court's

15  jurisdiction out of 14 causes of action.

16

17  **IX.**

18  **PLAINTIFF ADEQUATELY PLEADS A FOURTEENTH**

19  **CAUSE OF ACTION FOR MONEY HAD AND RECEIVED**

20  **Law**

21  Code of Civ. Proc. §339 provides a two year statute for a contract not based upon

22  a writing, or in other words, an oral agreement.

23  **Application to the present matter**

24  Since Defendant has not stipulated that the Note and Deed of Trust is not a writing

25  or that the transaction with Plaintiff was not based upon a writing, then it appears that

26  Defendant's citation of authority is misplaced and unavailing.

27

28

# X.

## CONCLUSION

For the stated reasons, Defendant's Motion to Dismiss should be denied.

Dated: July 22, 2013

_/s/ Bret D. Lewis_____
Bret D. Lewis, Esq.
Attorney for Plaintiff Joseph Parisi

Opposition to Signature Holdings, Inc. Motion to Dismiss